BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | **RULE 11 PLEA AGREEMENT** |
| vs. | |
| BIG DAN'S FITNESS NUTRITION, LLC, AKA FLEX FITNESS PRODUCTS, | |
| Defendant. | |

## I.   GUILTY PLEA

A.   **Summary of Terms.**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to Count One of the Information, which charges the Defendant with Introduction and Delivery of Misbranded Drugs Into Interstate Commerce, in violation of 21 U.S.C. § 331(a) and 333(a)(1).

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this agreement, the Government will dismiss Count One of the Information, under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend a fine of $50,000 and three years probation. The Defendant agrees to recommend the same. Further, under Federal Rule of Criminal Procedure 11(c)(1)(A), the Government will not bring any other charges against the Defendant based upon information currently known to the Government arising out of the investigation of the Defendant, or concerning the distribution of drugs labeled as dietary supplements, as described in the Factual Basis of this plea agreement. The Defendant agrees that Daniel Moore is the owner and manager of Big Dan's Fitness Nutrition LLC, is authorized and legally permitted to enter the guilty plea and appear for the imposition of sentence.

B.   **Oath.**  The Defendant's owner and representative will be placed under oath at the plea hearing. The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

C. **Waiver of Indictment.** The Defendant hereby waives the right to prosecution by indictment, pursuant to Federal Rule of Criminal Procedure 7(b), and agrees to plead guilty to the Information as detailed herein.

## II. WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense(s) charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant. If the Court accepts the Defendant's guilty plea, there will be no trial.

## III. NATURE OF THE CHARGES

A. **Elements of the Crime.** The elements of the crime of Introduction and Delivery of Misbranded Drugs into Interstate Commerce, as charged in the Information are as follows:

1. Dianabol is a Schedule III controlled substance and a drug as defined at 21 U.S.C. §§ 321(g) and 802.

2. B3AST PROHORMONE STACK which included the individual products of B3AST, WOLVERINE and RESTORE were misbranded pursuant to 21 U.S.C. § 352(a), in that their labeling falsely and misleadingly identified them as "dietary supplements" despite the fact that they were actually drugs because they contained the Schedule III controlled substance Dianabol.

3.  The Defendant introduced and delivered the B3AST PROHORMONE STACK into interstate commerce.

B.  **Factual Basis.**  The Defendant admits the following facts are true:

Daniel Moore is the owner and operator of Big Dan's Fitness Nutrition, LLC, which also does business as Flex Fitness Products. This company is located in Lewiston, Idaho and has an online presence on the Internet. In May of 2017, the Food Drug Administration (FDA) sent a warning letter to Big Dan's Fitness Nutrition, LLC, notifying the company that it had reviewed the labeling of several Flex Fitness Products being sold on the internet by Big Dan's Fitness and found the products contained synthetic steroids which caused the products to be unapproved and misbranded. Following the issuance of the warning letter, the FDA assigned a criminal investigator to the matter. In March of 2018, the criminal investigator made an Internet purchase of three Flex Fitness products from Big Dan's Fitness and Nutrition. Prior to 2018, the website indicated the products were dietary supplements and designed for mass building. The purchased products were marketed together as the B3AST PROHORMONE STACK which included the individual products of B3AST, WOLVERINE and RESTORE. The products were delivered to Missoula, Montana and then sent to the FDA's Forensic Chemistry Center for Analysis.

The FDA laboratory found that the products contained unlabeled steroids and Dianabol, a Schedule III controlled substance. Due to the inclusion of unlabeled steroids and a Schedule III controlled substance, the B3AST PROHORMONE STACK, is not a dietary supplement but rather misbranded drugs as defined by 21 U.S.C. §§ 321(g)(1)(C), 352(a) and 802. The Defendant admits the B3AST PROHOMORE STACK was a mislabeled and misbranded drug which was introduced and delivered into Interstate Commerce when the Defendant sold the products over the Internet and delivered them to Missoula, Montana.

## IV. SENTENCING FACTORS

A. **Penalties.** The crime of Introduction and Delivery of Misbranded Drugs into Interstate Commerce, as charged in the Information, is a Class A misdemeanor punishable by:

    1. a term of probation of not more than five years; and

    2. a maximum fine of $200,000, and a special assessment of $125.

B. **Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to its length.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the Defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and prosecution.

C. **Fines and Costs.** The Court may impose a fine. The parties agree to recommend a $50,000 fine which will be paid prior to sentencing.

D. **Special Assessment.** The Defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing. Payment will be made to:

    The United States District Court, Clerk's Office
    Federal Building and United States Courthouse
    6450 N. Mineral Drive
    Coeur d'Alene, Idaho 83815

## V. SEIZED PROPERTY: ABANDONMENT AND WAIVER

The Defendant abandons, releases, and waives any interest in property seized or otherwise obtained by the Government or law enforcement in this case unless specific exceptions are noted in this agreement. Such property will be disposed of, destroyed, sold, or transferred in the Government's sole discretion. Such disposition shall not constitute satisfaction of any assessment, fine, restitution, forfeiture, cost of imprisonment, or any other penalty that this Court may impose.

## VI. UNITED STATES SENTENCING GUIDELINES

A. **Application of Sentencing Guidelines.** The Court must consider the U.S.S.G. in determining an appropriate sentence under 18 U.S.C. § 3553. The Defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to U.S.S.G. § 1B1.3.

The Court is not a party to this agreement and the agreement does not bind the Court's determination of the U.S.S.G. range. The Court will identify the factors that will determine the sentencing range under the U.S.S.G. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

B. **Sentencing Guidelines Recommendations and Requests.**

 1. **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this agreement.

 2. **Acceptance of Responsibility.** If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the

Defendant fails to meet U.S.S.G. § 3E1.1's criteria or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

      **3.**      **This is a Joint Recommendation.**  The Defendant and the Government will recommend a sentence of three years probation and a $50,000 fine be imposed. The fine will be paid prior to sentencing. Additionally, the parties agree the following conditions should be imposed as part of the probationary sentence.

The Defendant will adhere to a policy requiring all suppliers of products intended for human consumption to:

      **a.**      Execute a contract which states, among other things that products manufactured by or for Big Dans Fitness Nutrition, LLC and Flex Fitness Products shall comply with all applicable laws and regulations of the United States including but not limited to Current Good Manufacturing Practices for Dietary Supplements (21 C.F.R. Part 111); the Food Drug and Cosmetic Act (FDCA); and the Dietary Supplement Health Education Act (DSHEA).

      **b.**      Maintain Copies of all contracts with vendors and make the same available to the Government for inspection upon request.

      **c.**      The Defendant will monitor the FDA's website, trade publications and mainstream media for reports of products containing synthetic anabolic steroids, synthetic chemical "clones" of anabolic steroids or "prohormones". If the FDA determines a specific product contains a synthetic anabolic steroid, synthetic chemical "clone" of an anabolic steroid or "prohormones" which are not dietary ingredients (as defined in 21 U.S.C. § 321(ft)(1)), and Defendant is selling such product, or other products containing the same synthetic anabolic steroid, synthetic chemical "clone" of an anabolic steroid or "prohormones" which are not dietary ingredients, the Defendant will discontinue the sale of such products immediately.

      **d.**      The Defendant will enter into a consulting relationship with a qualified consultant. The qualified consultant will consult with the Defendant regarding product ingredients, test results, and assist the Defendant in its effort to avoid carrying products containing synthetic anabolic steroids, synthetic chemical "clones" of anabolic steroids or "prohormones" which are not dietary ingredients.

## VII. JOINT AGREEMENT FOR DESTRUCTION OF PRODUCTS

Since the execution of the search warrant in this case, the Defendant initiated a voluntary recall of the products listed in the search warrant affidavit. The Defendant has also agreed to hold any of the aforementioned products that they had stocked in their warehouse in quarantine. The Government is aware that the FDA has requested that the Defendant destroy the quarantined products. The Defendant will not destroy the quarantined products until after sentencing. The Defendant will then destroy all quarantined products upon order of the Court. The parties acknowledge that the Government will seek such an order. Upon the event of destruction of the quarantined products, the Defendant will certify in writing that it has carried out the order of the Court.

Defendant relinquishes any interest in the products seized pursuant to the search warrant. FDA may destroy or cause the destruction of all such products.

## VIII. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A.    **Waiver:**  In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing; further objections are waived.

**A.  Exceptions:**

**1. Direct Appeal:** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

   a. the sentence imposed by the Court exceeds the statutory maximum;

   b. the Court arrived at an advisory U.S.S.G. range by applying an upward departure under chapter 5K of the U.S.S.G.; or

   c. the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory U.S.S.G. range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

**2. Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## IX.  PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-sentence investigation report, and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this agreement and relieves the Government of

its obligations from it. Such failure by the Defendant and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under U.S.S.G. § 3C1.1.

## X. DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has had any financial interest. This includes all community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements may constitute failure to accept responsibility under U.S.S.G. § 3E1.1, as well as other things.

The Defendant authorizes the Government: (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## XI. NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

## XII. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that charge(s) may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B. **Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the Defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XIII. MISCELLANEOUS

A. **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any Governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate Governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on January 25, 2021.

## XIV. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:


*/s/ Traci J. Whelan*     2-9-21
TRACI J. WHELAN           Date
Assistant United States Attorney

## XV. ACCEPTANCE BY DEFENDANT AND COUNSEL

I and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

*/s/*                          2-9-21
Big Dan's Fitness Nutrition, LLC     Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my client. This document accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement is a formal plea offer from the

**Plea Agreement**                12                        Rev. September 2019

Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

_____  02/09/2021
NICOLAS V. VIETH                 Date
Attorney for the Defendant